UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

KIM A. PETERSON,   No. 16-10176

Debtor(s).
_____/

Memorandum on Application for Compensation
_____

Attorney Jocelyn Godinho filed a Chapter 13 petition for debtor Kim Peterson on March 9, 2016. The case was converted to Chapter 7 at the debtor's request on August 19, 2016. Godinho seeks allowance an administrative priority of $6,025.00 in compensation for services rendered to the debtor while the case was in Chapter 13, less amounts already paid. She also asks that any unpaid balance after the Chapter 7 case is closed be paid to her directly by the debtor.

Pursuant to § 330(a)(4)(B) of the Bankruptcy Code, the court may award compensation to counsel for a Chapter 13 debtor for reasonable services benefitting the debtor. Pursuant to § 503(b)(2), fees awarded pursuant to § 330(a) are entitled to administrative priority. The court finding the fees to be reasonable, the application will be approved and entitled to administrative priority.

Pursuant to § 348(d) of the Code, debts incurred after filing but before conversion from Chapter 13 to Chapter 7 are treated as having arisen immediately before the petition and are therefore subject to discharge. However, § 348(d) excepts claims specified in § 503(b). The issue is therefore whether unpaid Chapter 13 debtor's attorneys' fees are discharged in the converted case.

1

1        There are a few reported cases which support Godinho's position. See, e.g., *In re Babbs,* 265 B.R. 35 (Bkrtcy.S.D.N.Y. 2001). However, these cases seem to be based on a false syllogism: Section 348 treats all preconversion debts except priority debts for all purposes as having occurred prepetition; this debt is a priority debt; therefore it is treated for no purpose as having occurred prepetition. The proper syllogism is: Section 348 treats all preconversion debts except priority debts for all purposes as having occurred prepetition; this debt is a priority debt; therefore it is not treated for all purposes as having occurred prepetition. This was the logic followed by *In re Fickling*, 361 F.3d 172 (2nd Cir. 2004).

      In *Fickling,* former counsel for a Chapter 11 debtor argued that its unpaid preconversion fees were not dischargeable when the case was converted to Chapter 7. The court disagreed, reading sections 348 (d) and 727(b) together to mean that the fees were treated as posptpetition for purposes of administrative claim allowance but prepetition for purposes of discharge. The court held: "Just because § 348(d) does not *require* that pre-conversion administrative expense claims be treated 'for all purposes' as if they had arisen pre-petition does not mean that such claims may *never* be treated as if they had arisen pre-petition." 361 F.3d at 175 (emphasis in the original). This is the proper interpretation of the law.

      For the foregoing reasons, Godinho's request for allowance of an administrative expense will be granted but her request for any unpaid amount to be enforceable against the debtor after discharge will be denied. Godinho shall submit an appropriate form of order.

Dated: December 9, 2016

Alan Jaroslovsky
U.S. Bankruptcy Judge

2